UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

'03 MAY 21 A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

EVELYN GORE,

     Plaintiff,

v.

TRUSTEES OF DEEFIELD ACADEMY
d/b/a DEERFIELD ACADEMY,

     Defendant.

CIVIL ACTION NO.

03 - 30135 - MAP

MAY 20, 2003

FILING FEE PAID:
RECEIPT # 305231
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 5/21/03

## COMPLAINT AND REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury as to each issue and claim for which the law provides such a right.

### Introductory Statement

This is an action raising federal law claims for damages and other relief arising out of the employment discrimination, sexual harassment, disability harassment, retaliation and unlawful discharge of Plaintiff Evelyn Gore, ("Ms. Gore") by Defendant Trustees of Deerfield Academy d/b/a Deerfield Academy, ("Deerfield"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

### Parties

1. Ms. Gore is a natural person who resides in Northampton, Hampshire County, Massachusetts.

2. Deerfield is an educational institution located in Deerfield, Franklin County, Massachusetts.

## Facts

3. In 2000, Deerfield employed Ms. Gore as a server in its dining commons.

4. While working for Deerfield, Ms. Gore suffered from a mental impairment that substantially limited major life activities (Attention Deficit Disorder) and she was regarded as having a substantially limiting impairment by Deerfield.

5. While working at Deerfield, Ms. Gore was subjected to severe and pervasive disability harassment and sexual harassment.

6. The sexual harassment consisted of sexual advances and inappropriate sexual comments made by co-workers and supervisors. One supervisor solicited sex from her and asked whether she had ever had sexual relations with a person who was twenty years younger than she was. Another asked her out on dates repeatedly, even though she kept refusing.

7. The work environment was extremely sexually hostile. In Ms. Gore's presence, her supervisors and co-workers engaged in sexually inappropriate conduct. They played songs on the stereo with extremely graphic and sexually explicit lyrics. Male supervisors and co-workers laughed and sang along to the words of the song while it was played in Ms. Gore's presence.

8. One such song was called "Chocolate Salty Balls." Upon information and belief, the lyrics of the song are as follows:

> Two tablespoons of cinnamon, and two or three egg whites a
> half-a-stick of butter mmmm, melted stick it all in a bowl baby

2

>stir it with a wooden spoon mix in a cup of flour you'll be in heaven soon.  Say everybody have you seen my balls they're big and salty and brown if you ever need a quick pick me up just take my ballz in your mouth mmm, suck on my chocolate salty balls stick em in your mouth and suck em' suck on my chocolate salty balls they're fite full of vitamins-and good for you so suck on my balls.  Quarter cup of unsweetened chocolate and a half-a-cup of brandy then throw in a bag or two of sugar and just a pinch of vanilla grease up the cookie sheet cause I hate when my ballz stick then preheat the oven to 350 and give that spoon a lick.  Say everybody have you seen my balls they're big and salty and brown if you ever need a quick pick me up just take my ballz in your mouth mmm, suck on my chocolate salty balls put em in your mouth and suck em' suck on my chocolate salty balls they're fite full of goodness-high in fiber so suck on my balls.  Hey, wait a minute.  What's that smell?  Smell like something burning well that don't perfun me none as long as I get my rent paid on Friday baby you better get back in the kitchen cause I got a sneakin suspicion.  Aww man baby, BABY!  You just burnt by ballz.  Ooo, suck on my chocolate salty balls.  Put em in your mouth and suck em'.  Suck on my chocolate salty balls.  Suck on my balls baby.  Suck on my balls baby.  Suck on my red hot chocolate salty balls.  Suck on my balls.

9. The disability based harassment consisted of repeated comments by Ms. Gore's co-workers about her disability including comments such as she was "out to lunch," and that she was "not here," and that she was on some "type of medication".

10. Throughout the course of her employment with Deerfield, Ms. Gore's co-workers and supervisors made sexually harassing and disability harassing remarks to Ms. Gore directly, and in her presence, on a continuing basis.  These comments were severe and pervasive.

11. Ms. Gore complained to her supervisors about such harassment and they took no remedial action.

3

12. On February 19, 2000, Ms. Gore complained to her supervisor, Michael McCarthy, about the sexual harassment and the disability harassment.

13. The next day, February 20, 2000, Ms. Gore was terminated from her employment at Deerfield, suddenly and because of her sex, her disability and in retaliation for the complaints that she made.

14. Ms. Gore's performance at Deerfield was, at all times, satisfactory.

15. Ms. Gore was sexually harassed, harassed based upon her disability, and then terminated from employment at Deerfield for opposing discriminatory practices.

16. Ms. Gore's daughter was denied admission to Deerfield Academy in retaliation for Ms. Gore's opposition to discriminatory practices. Ms. Gore's daughter applied for admission to Deerfield, otherwise was qualified for admission to Deerfield, was denied admission and other students with lesser academic credentials were admitted to Deerfield.

17. Ms. Gore was denied a tuition waiver for her daughter, which is a benefit to which she otherwise would have been entitled in the absence of Deerfield's unlawful conduct. As a result, Ms. Gore suffered substantial damages by having to pay her daughter's tuition at another school.

18. As a result of her termination, Ms. Gore suffered damages, including loss of income, emotional distress and the cost of having to pay for her daughter's education.

19. Ms. Gore filed a Charge of Discrimination at the Massachusetts Commission Against Discrimination (the "MCAD") on August 8, 2000, which was dual filed at the United States Equal Employment Opportunity Commission ("EEOC"). Pursuant to the work sharing

4

agreement between the MCAD and the EEOC, Ms. Gore's Charge was initially processed by the MCAD.

20. On June 27, 2002, after a full investigation, the MCAD found probable cause to credit Ms. Gore's allegations of unlawful conduct against Deerfield under both Title VII and the ADA.

21. Ms. Gore requested a Notice of Right to Sue from the EEOC and received it on May 14, 2003.

## Count I – Violation of Title VII (Sexual Harassment)

22. Ms. Gore repeats and incorporates the allegations of paragraphs 1-21, as if fully set forth herein.

23. Ms. Gore timely filed a Charge of Discrimination under Title VII and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under Title VII. On May 14, 2003, the EEOC issued a Notice of Right to Sue. Ms. Gore files this action within 90 days of her receipt of the Notice of Right to Sue.

24. Deerfield was Ms. Gore's employer and the actions of Ms. Gore's supervisors and co-workers at Deerfield constitute unlawful sexual harassment for which Deerfield is responsible and liable. Ms. Gore complained to her supervisors about the sexual harassment and Deerfield knew about the sexual harassment but they failed to take prompt, remedial action.

25. As a direct and proximate result of Deerfield's sexual harassment and failure to take prompt remedial action, Ms. Gore has suffered substantial damage, including loss of

income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count II – Violation of ADA (Handicap Harassment)

26. Ms. Gore repeats and incorporates the allegations of paragraphs 1-25, as if fully set forth herein.

27. Ms. Gore timely filed a Charge of Discrimination under the ADA and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA. On May 14, 2003, the EEOC issued a Notice of Right to Sue. Ms. Gore files this action within 90 days of her receipt of the Notice of Right to Sue.

28. Deerfield was Ms. Gore's employer and the actions of Ms. Gore's supervisors and co-workers at Deerfield constitute unlawful disability harassment for which Deerfield is responsible and liable. Ms. Gore complained to her supervisors about the disability harassment and Deerfield knew about the disability harassment but they failed to take prompt, remedial action.

29. As a direct and proximate result of Deerfield's disability harassment and failure to take prompt remedial action, Ms. Gore has suffered substantial damage, including loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

### Count III – Violation of Title VII (Retaliation)

30. Ms. Gore repeats and incorporates the allegations of paragraphs 1-29, as if fully set forth herein.

31.     Ms. Gore timely filed a Charge of Discrimination under Title VII and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under Title VII. On May 14, 2003, the EEOC issued a Notice of Right to Sue. Ms. Gore files this action within 90 days of her receipt of the Notice of Right to Sue.

32.     Deerfield's conduct in terminating Ms. Gore for opposing discriminatory practices was a violation of Title VII.

33.     Deerfield has interfered with Ms. Gore's exercise and enjoyment of her civil rights, as protected under Title VII.

34.     As a direct and proximate result of Deerfield's retaliation following Ms. Gore's complaint of sexual harassment, Ms. Gore has suffered substantial damage, including loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## Count IV – Violation of Title VII (Retaliation)

35.     Ms. Gore repeats and incorporates the allegations of paragraphs 1-34, as if fully set forth herein.

36.     Ms. Gore timely filed a Charge of Discrimination under the ADA and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA. On May 14, 2003, the EEOC issued a Notice of Right to Sue. Ms. Gore files this action within 90 days of her receipt of the Notice of Right to Sue.

37.     Deerfield's conduct in terminating Ms. Gore for opposing discriminatory practices was a violation of the ADA.

38.  Deerfield has interfered with Ms. Gore's exercise and enjoyment of her civil rights, as protected under the ADA.

39.  As a direct and proximate result of Deerfield's retaliation following Ms. Gore's complaint of disability harassment, Ms. Gore has suffered substantial damage, including loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

WHEREFORE, Ms. Gore respectfully requests that this Court enter judgment for her on all counts of her Complaint and award her (a) compensatory damages; (b) multiple damages; (c) punitive damages; (d) exemplary damages; (e) damages for emotional distress; (f) attorney's fees; (g) costs; and (h) such other and further relief to which she is entitled and as the court deems just and proper.

Respectfully submitted,

EVELYN GORE,
Plaintiff,

By: _____
Kevin M. Kinne, Esq. (BBO# 559004)
CAIN, HIBBARD, MYERS & COOK, PC
66 West Street
Pittsfield, MA 01201
(413) 443-4771

Dated: May 20, 2003

8